**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MOMODOU TAAL, MŨKOMA WA NGŨGĨ, and SRIRAM PARASURAMA,
Plaintiffs,
v.

DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security;

Defendants.

Civil Action No. 3:25-cv-00335-ECC-ML

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Pursuant to Fed. R. Civ. P. 65(b) and Local Rule 65.1, Plaintiffs Momodou Taal, Mũkoma Wa Ngũgĩ, and Sriram Parasurama move for a temporary restraining order against Defendants Donald Trump, the United States Department of Homeland Security ("DHS"), and DHS Secretary Kristi Noem. This motion is presented as an emergency application for injunctive relief. Given the urgent nature of this filing, Plaintiffs through undersigned counsel respectfully request the Court consider this motion under any appropriate procedural mechanism for emergency relief. Additionally, Plaintiffs request an emergency conference and are available at the Court's earliest convenience.

This motion seeks to enjoin Defendants Donald Trump, the Department of Homeland Security ("DHS"), and DHS Secretary Kristi Noem from attempting to detain, remove, or otherwise enforce the two executive orders against Mr. Taal, and grant any other relief that the Court deems just and proper. This motion is based on the complaint filed in this action (ECF No. 1), the previously filed motion for a temporary restraining order/preliminary injunction (ECF No.

2), the brief accompanying this motion, any additional briefings and oral arguments of counsel, and such other and further matters as may be presented to the Court.

Absent the issuance of a temporary restraining order before Defendants can be heard, Plaintiffs will suffer immediate and irreparable harm, as their First Amendment rights to speech and association will be violated.

Pursuant to Fed. R. Civ. P. 65(b) and Local Rules 7.1(e) and 65.1, attached to this motion are affidavits demonstrating the immediate and irreparable harm Plaintiffs will suffer before Defendants can be heard in opposition, establishing good and sufficient cause for bypassing the standard motion procedure. The requirement of reasonable and advance notice should not apply, as it would substantially prejudice Plaintiffs by giving Defendants the opportunity to unlawfully detain Mr. Taal under the executive orders challenged in this action, undermining the Court's jurisdiction.

Dated: March 15, 2025

Respectfully submitted,

**s/ Eric Lee**
MI Bar No. P80058
Attorney for Plaintiffs
24225 W 9 Mile Rd., Suite 140
Southfield, MI 48033
Telephone: (248) 602-0936
Fax: (202) 333-6470
Email: ca.ericlee@gmail.com

**s/ Mohammad Saleem**
NY Bar No. 4842753
Attorney for Plaintiffs
Davis Ndanusa Ikhlas & Saleem LLP
26 Court St., Suite 603
Brooklyn, NY 11242
Telephone: (718) 783-6819
Fax: (855) 852-4742
Email: msaleem@dnislaw.com

**s/ Jonathan Wallace**

**s/ Chris Godshall-Bennett**
DC Bar No. 1780920
Attorney for Plaintiffs
American-Arab Anti-Discrimination Committee
910 17th St. NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 465-4247
Fax: (202) 333-6470
Email: cgb@adc.org

**s/ Maria Kari***
TX Bar No. 24127161
Attorney for Plaintiffs
Project TAHA
5300 N Braeswood Blvd., Suite 4-191
Houston, TX 77096
Telephone: (205) 862-8005
Fax: (202) 333-6470
Email: info@mariakari.org

NY Bar No. 1733757
Attorney for Plaintiffs
P.O. Box 728
Amagansett, NY 11930
Telephone: (917) 359-6234
Fax: (202) 333-6470
Email: jonathan.wallace80@gmail.com

**pro hac vice* pending
†admission pending

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOMODOU TAAL, MŨKOMA WA NGŨGĨ, and SRIRAM PARASURAMA,<br>Plaintiffs,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security;<br><br>Defendants. | Civil Action No. 3:25-cv-00335-ECC-ML |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT………………………………………………………….. 1
II. STATEMENT OF FACTS…………………………………………………………...1
III. LEGAL STANDARD……………………………………………………………….3
IV. ARGUMENT………………………………………………………………………... 4
V. CONCLUSION………………………………………………………………………5

## TABLE OF AUTHORITIES

### Cases

*Red Earth LLC v. United States*, 657 F.3d 138 (2d Cir. 20 .......... 3

*LaRouche v. Kezer*, 20 F.3d 68 (2d Cir. 1994) .......... 4

*Red Earth LLC v. United States*, 657 F.3d 138 (2d Cir. 2011) .......... 3

*Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471 (1999) .......... 5

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577 (S.D.N.Y. 2002) .......... 3

*United States v. New York Tel. Co.*, 434 U.S. 159 (1977) .......... 4

### Statutes

28 U.S.C. § 1651 .......... 4

*See* 8 U.S.C. § 1252(g) .......... 4

## I. PRELIMINARY STATEMENT

On the morning of March 19, 2025, two eyewitnesses saw law enforcement flash a badge in the parking lot of Plaintiff Momodou Taal's residence. *See* Exhibits 1 and 2. Defendants are engaged in an ongoing attempt to impede this Court's ability to adjudicate the merits of the Complaint and TRO motion Plaintiffs filed on March 15, 2025. Immediate emergency relief is required.

## II. STATEMENT OF FACTS

On March 15, Plaintiffs filed a Complaint and Motion for Temporary Restraining Order against Defendants. See ECF No. 2. On the morning of March 19, the Court issued an order setting an in-person hearing on March 25 at 2:00 PM to address the merits of the Complaint and Motion.

On the morning of March 19, current and former Cornell community members residing with Mr. Taal at a communal residence near the Cornell campus (the Telluride House) contacted the undersigned counsel. They reported that undercover law enforcement officers, from an unidentified agency, had identified themselves in the parking lot of Plaintiff Taal's residence. Alaa Farghli, a recent Cornell graduate, has provided a sworn affidavit, dated March 19, 2025, which is attached to this motion. The affidavit states the following, in relevant part:

> This morning at about 10 AM I saw a strange car that I've never seen before in our parking lot. The car had a man in it with a hat on. I walked out into the parking lot where the chef at Telluride House—Wakee Thompson—was throwing out the garbage. We both thought the car was strange so Mr. Thompson walked up to the car and asked the person what they were doing there. I was 10 feet away while this interaction was happening. When Mr. Thompson informed the individual that this was private property, the man flashed him a badge. I personally saw the badge. Though I did not see what agency was on the badge, it was law enforcement. Mr. Thompson asked the individual to leave the parking lot and the man left. Exhibit 2.

Mr. Thompson, who has worked at Telluride House for 12 years, has also provided an affidavit, which states the following, in relevant part:

> Shortly after 10 AM this morning I was throwing out the garbage and noticed a car that I've never seen before in the parking lot. I went up to the man and told him, this was private property. The man took out a law enforcement badge. He flashed it so quickly that I didn't see the name of the agency on it, but it was clear to me he was an officer. I had never seen this person before. Exhibit 1.

These developments occur alongside an emerging pattern and practice by Defendants of openly defying the authority of Article III courts to adjudicate constitutional challenges to executive policies, as evidenced by statements and events of which we ask the Court to take judicial notice. In *J.G.G. v. Trump*, a case challenging Defendant Trump's authority to invoke the Alien Enemies Act against non-citizens in the United States, Defendants violated an order issued by District Judge James E. Boasberg, which required the government to cease deportation flights pending adjudication of the merits. Subsequently, Defendant Trump made deeply concerning statements about Judge Boasberg's authority and, by implication, the authority of Article III courts. Defendant Trump said:

> This Radical Left Lunatic of a Judge, a troublemaker and agitator who was sadly appointed by Barack Hussein Obama, was not elected President...This judge, like many of the Crooked Judges' I am forced to appear before, should be IMPEACHED!!! WE DON'T WANT VICIOUS, VIOLENT, AND DEMENTED CRIMINALS, MANY OF THEM DERANGED MURDERERS, IN OUR COUNTRY. MAKE AMERICA GREAT AGAIN!!![1]

In response, Chief Justice of the United States Supreme Court issued a statement affirming: "For more than two centuries, it has been established that impeachment is not an appropriate

[1] Donald Trump (@realDonaldTrump), Truth Social (March 18, 2025, 8:05 am), https://truthsocial.com/@realDonaldTrump/posts/114183576937425149.

response to disagreement concerning a judicial decision. The normal appellate review process exists for that purpose."[2]

Mr. Taal has long feared adverse immigration enforcement actions, as outlined in the Complaint. However, the recent development of plainclothes law enforcement officers stationed outside his home has intensified his fear and anxiety, escalating the risk of immediate harm. Mr. Taal is now in imminent danger of detention or deportation, causing irreparable harm that cannot be undone. The emotional distress, combined with the threat of enforcement action, constitutes an irreparable injury to his rights, and therefore, Plaintiff respectfully requests the issuance of a TRO to prevent further harm and preserve his due process rights until a full hearing can be held.

## III. LEGAL STANDARD

To prevail on the underlying motion, Plaintiffs must show "(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff[s'] favor; and (3) that the public's interest weighs in favor of granting the injunction." *Red Earth LLC v. United States*, 657 F.3d 138, 143 (2d Cir2011) (setting forth preliminary injunction standard); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002). ("The standard for granting a temporary restraining order and a preliminary injunction . . . are identical."). Plaintiffs meet all four factors as set forth in Plaintiffs' Memorandum. *See* ECF No. 2.

---

[2] Chris Megerian, Lindsay Whitehurst, and Mark Sherman, *Roberts Rejects Trump's call for impeaching judge who ruled against his deportation plans,* AP NEWS (Mar. 18, 2025), https://apnews.com/article/donald-trump-federal-judges-impeachment-29da1153a9f82106748098a6606fec39.

Granting the present motion is necessary to preserve the Court's ability to address the merits of the underlying motion for a temporary restraining order/preliminary injunction, ECF No. 2, on Tuesday, March 25, 2025.

## IV. ARGUMENT

Since the filing of this action on March 15, 2025, new evidence has emerged that Defendants are actively taking steps to detain Mr. Taal and initiate immigration proceedings against him, which poses a significant risk of depriving this Court of jurisdiction to address Mr. Taal's constitutional claims. The imminent threat of enforcement actions, if not immediately restrained, will not only result in irreparable harm to Mr. Taal's constitutional rights but also undermine the efficacy of this litigation by prematurely removing him from the jurisdiction of this Court.

Article III of the United States Constitution provides courts with inherent powers, supplemented by the All Writs Act, 28 U.S.C. § 1651, to take steps to project their jurisdiction. *See United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) ("This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction . . . ."); *see also LaRouche v. Kezer*, 20 F.3d 68, 74 (2d Cir. 1994) ("To preserve the status quo a court may require the parties to act or to refrain from acting."). This includes the power to issue injunctions to prevent actions that would obstruct the court's ability to adjudicate a case fairly and effectively.

The present situation directly implicates the very purpose of this Court's equitable power. Defendants are seeking to unlawfully strip this Court of its ability to adjudicate the merits of the underlying motion and complaint by detaining Mr. Taal, thereby depriving the Court of jurisdiction

under the Immigration and Nationality Act's jurisdiction-stripping provisions. *See* 8 U.S.C. § 1252(g). The only authority under which Mr. Taal is ostensibly removable is the unconstitutional executive orders at issue in this case. As such, the detention of Mr. Taal would be an unlawful attempt to prevent the Court from addressing the important constitutional questions raised presented.

The Immigration and Nationality Act's jurisdiction-stripping provision bars direct district court review over a "decision or action" to "commence proceedings." 8 U.S.C. §1252(g). But the Supreme Court has held that this language plainly does not apply under conditions that would be protected by retaining the status quo here. The Court held: "There are of course many other decisions or actions that may be part of the deportation process – such as the decisions to open an investigation [or] to surveil the suspected violator . . . [and] [i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Reno v. American-Arab Anti-Discrimination Comm*., 525 U.S. 471, 482 (1999).

An emergency injunction is necessary to prevent the unlawful detention of Mr. Taal that would impede the Court's ability to adjudicate this case.

## V. CONCLUSION

For these reasons, the Court should grant the motion and enjoin the government from detaining Mr. Taal to interfere with the Court's jurisdiction in this case.

Dated: March 15, 2025

Respectfully submitted,

**s/ Eric Lee**
MI Bar No. P80058
Attorney for Plaintiffs
24225 W 9 Mile Rd., Suite 140
Southfield, MI 48033
Telephone: (248) 602-0936

**s/ Chris Godshall-Bennett**
DC Bar No. 1780920
Attorney for Plaintiffs
American-Arab Anti-Discrimination Committee
910 17th St. NW, Suite 1000
Washington, D.C. 20006

Fax: (202) 333-6470
Email: ca.ericlee@gmail.com

**s/ Mohammad Saleem**
NY Bar No. 4842753
Attorney for Plaintiffs
Davis Ndanusa Ikhlas & Saleem LLP
26 Court St., Suite 603
Brooklyn, NY 11242
Telephone: (718) 783-6819
Fax: (855) 852-4742
Email: msaleem@dnislaw.com

**s/ Jonathan Wallace**
NY Bar No. 1733757
Attorney for Plaintiffs
P.O. Box 728
Amagansett, NY 11930
Telephone: (917) 359-6234
Fax: (202) 333-6470
Email: jonathan.wallace80@gmail.com

Telephone: (202) 465-4247
Fax: (202) 333-6470
Email: cgb@adc.org

**s/ Maria Kari***
TX Bar No. 24127161
Attorney for Plaintiffs
Project TAHA
5300 N Braeswood Blvd., Suite 4-191
Houston, TX 77096
Telephone: (205) 862-8005
Fax: (202) 333-6470
Email: info@mariakari.org

**pro hac vice* pending
†admission pending