UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOMODOU TAAL, MŨKOMA WA NGŨGĨ, and SRIRAM PARASURAMA,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security;<br><br>Defendants. | Case No. 3:25-cv-335<br><br>**DECLARATION OF JOHN ARMSTRONG IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINIARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

I, John Armstrong, hereby declare under penalty of perjury:

1. I am the Senior Bureau Official within the U.S. Department of State's Bureau of Consular Affairs. I am a career member of the Senior Foreign Service with the rank of Counselor. Prior to becoming the Senior Bureau Official, I briefly served as the Deputy Assistant Secretary for Overseas Citizen Services. I served overseas as the Consul General in Lima, Peru, as Economic Counselor in Warsaw, Poland, as Consular Section Chief and Acting Deputy Chief of Mission in Nassau, Bahamas, Deputy Consul General in Kyiv, Ukraine, and Nonimmigrant Visa Chief in Bucharest, Romania. I have also previously served domestic assignments in Washington, D.C. as Director of the Office of Eastern European Affairs, Director of the Washington Passport Agency, Senior Political Officer on the Russia Desk, and Belarus Desk Officer.

2. As the Senior Bureau Official, I oversee the functions and responsibilities of the Bureau of Consular Affairs, including the Office of Overseas Citizen Services, the

Office of Passport Services, and the Visa Services Office, which encompasses all aspects of visa policy, procedures, and information related to U.S. visa issuance to foreign citizens who apply at more than 230 visa-issuing U.S. embassies and consulates.

3. I submit this declaration in support of the U.S. government's opposition to Plaintiffs' motion for a preliminary injunction and temporary restraining order in the above-captioned case. I am familiar with the Department's requirements and policies relating to visa revocation. I base this declaration on my review of Department of State records and discussions with other Department of State employees.

4. On Friday, March 14, 2025, the U.S. Department of Homeland Security U.S. Immigration and Customs Enforcement (DHS ICE) transmitted written communication to the Department of State (the Department) seeking the Department's determination as to whether Momodou Taal (Taal), by participating in disruptive protests that created a hostile environment for Jewish students, had taken actions calling into question his continued eligibility for a U.S. visa. DHS ICE relayed that one such protest involved Taal entering a hotel behind individuals who had used force to gain entry to it as a means of disrupting a Cornell University career fair being held at the hotel at the time. DHS/ICE's written communication referenced President Trump's Executive Orders on anti-Semitism and Section 237(a)(4)(C) of the Immigration and Nationality Act (INA), 8 U.S.C. 1227(a)(4)(C) (adverse foreign policy consequences).

5. Later on March 14, 2025, the State Department revoked Taal's visa pursuant to Section 221(i) of the INA, 8 U.S.C. 1201(i). While DHS/ICE's written communication referenced President Trump's Executive Orders on anti-Semitism and Section 237(a)(4)(C) of the INA, the Department's basis for revoking Taal's visa did not directly rely upon Section 237(a)(4)(C) or the Executive Orders on anti-Semitism. That is, the Department's basis for revoking Taal's visa did not directly rely on any portions of the Executive Orders that Plaintiffs challenge in this case. Rather, the Department relied upon the underlying information and assessment provided by DHS/ICE that Taal had been involved with disruptive protests and had engaged in an escalating pattern of behavior, disregarding

1

university policies and creating a hostile environment for Jewish students. Importantly, this documented pattern of activity brought into question Taal's ability to establish his continued entitlement to nonimmigrant F-1 status, thereby implicating the Department's discretionary authority to determine whether to revoke that visa under Section 221(i) of the INA.

6. On March 14, 2025, the Department advised DHS ICE that Taal's visa had been revoked "effective immediately."

7. On March 21, 2025, the Department transmitted notification to Taal that his visa had been revoked pursuant to Section 221(i) of the INA. The Department sent this notification to the email Taal provided on the Form DS-160, Online Nonimmigrant Visa Application, he executed when applying for his now-revoked visa.

8. I am aware of the allegation that the U.S. Government is taking immigration enforcement action against him in response to or because he filed this lawsuit. But, as noted above, that is incorrect. The March 14, 2025 actions described above predated the filing of this lawsuit. At the request of interagency partners and for law enforcement-related reasons, the Department did not immediately send notification of the revocation to Taal.

9. Attached to this declaration is a true and certified copy of the notice of revocation the Department sent to Taal on March 21, 2025.

[The remainder of this page is left intentionally blank.
Signature page to follow.]

2

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on this 22nd day of March, 2025.

*John Armstrong*

John Armstrong
Senior Bureau Official
Bureau of Consular Affairs
U.S. Department of State



**United States Department of State**

*Washington, D.C.   20520*

RE:  Certification of Visa Record Revocation Notice of the Bureau of Consular Affairs, U.S. Department of State

    I, Larry W. Talbott, hereby declare under penalty of perjury:

1.  I am a deputy director with the Office of Information Management and Liaison within the Visa Office of the Bureau of Consular Affairs, U.S. Department of State.  I am authorized to certify the authenticity of visa records of the Bureau of Consular Affairs, including the visa records revocation notices.

2.  The attached document is a true, accurate and complete copy of the revocation notice email sent to Momodou Taal at email address momodou.taal@gmail.com on 21 March 2025 at 7:30 pm EDT informing him his F1 expiring on 17 July 2027 was revoked.  The record was kept pursuant to the State Department's procedures for the retention of visa correspondence and was made as part of a regular practice.

    I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Washington, D.C.
March 22, 2025

*Larry W. Talbott*
_____
        Larry W. Talbott

**From:** US VISA
**To:** momodou.taal@gmail.com
**Subject:** REVOKED VISA NOTICE
**Date:** Friday, March 21, 2025 7:29:41 PM

Dear Mr. Taal:

We are writing in reference to your nonimmigrant student (F-1) visa.

On behalf of the United States Department of State, the Bureau of Consular Affairs Visa Office hereby informs you that additional information became available after your visa was issued and your F-1 visa with expiration date 17-JUL-2027, was revoked in accordance with Section 221(i) of the United States Immigration and Nationality Act, as amended.

You must not attempt to use your visa as it has been invalidated. If you intend to travel to the United States in the future, you must apply for another U.S. visa and a determination on your eligibility for a visa will be made at that time.

Regards,
Bureau of Consular Affairs - Visa Office
U.S. Department of State


PLEASE DO NOT RESPOND TO THIS EMAIL, THIS IS AN UNATTENDED MAILBOX.

Any information in this transmission pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential under section 222(f) of the Immigration and Nationality Act (INA) [8 U.S.C. 1202]. Access to and use of such information must be solely for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States under 222(f) and as specified in FAM guidance. If you have received such information in error, do not review, retransmit, disclose disseminate, use or take any action in reliance upon this information, and contact the sender as soon as possible.