**[VIA ELECTRONIC FILING]**
The Honorable Elizabeth C. Coombe
U.S. District Judge
U.S. District Court for the Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton St.
Syracuse, NY 13261

To The Honorable Elizabeth C. Coombe:

During today's hearing, the Court asked the undersigned to address the implications of *Trump v. New York*, 592 U.S. 125 (2020) as it relates to the issue of ripeness.

*Trump v. New York* is distinguishable from this case for the following reasons. In *Trump v. New York,* the plaintiffs argued that unlawful apportionment that might result from the Secretary of Commerce's report to the President would in turn lead to distorted congressional representation and inadequate federal funding. The Supreme Court ruled that the case was not ripe because the Secretary's report had not yet issued, and it was not clear whether and to what extent the President would implement the report. In addition, the record there showed that the plaintiffs' feared result of wholesale exclusion of undocumented individuals would not take place and that the impacts of partial exclusion were not yet clear.

This case is fundamentally different. The impact of the Executive Orders on Plaintiffs is abundantly clear, and Defendants admit they are implementing the orders against Mr. Taal. *See* ECF No. 30-2 ¶¶ 5-9. Furthermore, Mr. Taal is one of many similarly situated individuals, including Mahmoud Khalil. Recent reporting has revealed the Orders are being enforced against a growing number of activists and protest attendees. Defendants themselves have drawn a direct line between the Orders and these enforcement actions. *Id*. at ¶ 9. The hypotheticals about interim decision-making at the heart of *Trump v. New York* are not present here.

Respectfully Submitted,

*s/ Christopher Godshall-Bennett*
*s/ Eric Lee*

Attorneys for Plaintiffs