# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MOMODOU TAAL*., et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.

No. 3:25-cv-335 (ECC/ML)

Declaration of Unit Chief Roy M. Stanley III

**DECLARATION OF UNIT CHIEF ROY M. STANLEY**

I, Roy M. Stanley III pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am Unit Chief of the Counterterrorism Intelligence Unit within U.S. Immigration and Customs Enforcement ("ICE") Homeland Security Investigations ("HSI") Office of Intelligence. I have held a supervisory position within ICE since September 2018. I also have over thirty-five years of intelligence and operations experience as a senior U.S. Air Force officer and Department of Defense ("DoD") civilian employee with multiple assignments to Iraq, Afghanistan, Pakistan, Qatar, and on the Joint Staff. I retired at the rank of O-6, and my last assignment in uniform was as a Director, Joint Intelligence and Operations Center, CENTCOM HQ. As a DoD civilian, I worked for the Joint Warfare and Analysis Center, Joint Improvised Explosive Device Defeat Organization in Afghanistan, served as a CENTCOM rep at DEA Special Operations Division and the CBP National Targeting Center.

2.       HSI is a component of ICE that conducts significant and complex criminal investigations into individuals and international criminal networks that violate U.S. laws. HSI focuses its efforts on combating the transnational criminal networks that pose the greatest threats to the security of the United States. HSI has more than 10,000 employees stationed in more than 235 U.S. cities and more than 50 countries worldwide. The HSI workforce is made up of special agents, criminal analysts, intelligence analysts, and support personnel who live and work in the communities they are sworn to protect and serve.

3.       I am aware of the above-captioned lawsuit. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems, databases, other Department of Homeland Security (DHS) employees, and information portals maintained and relied upon by DHS in the regular course of business.

4.       On January 29, 2025, President Trump issued Executive Order 14188, *Additional Measures to Combat Anti-Semitism* (Executive Order). ICE is steadfast in its commitment to enforcing the Executive Order prohibiting anti-Semitism and safeguarding national security. ICE conducts targeted analysis to substantiate aliens' alleged engagement of antisemitic activities.

5.       To implement this Executive Order, the HSI Office of Intelligence proactively reviews open-source information to identify individuals subject to the Executive Order. Open-source information is defined as unclassified information that has been published or broadcast in some manner to the general public, could be lawfully seen or observed by a casual observer, is made available at a meeting open to the public, or is obtained by visiting any place or attending any event that is open to the public.

6.       Mr. Taal was identified as a student at Cornell University and a prominent pro-Palestinian activist involved in protests and disruption of university events. In one incident that

led to the University suspending him, he failed to comply with University directives to remove an unauthorized encampment, cease unreasonably loud chants and behavior, and disperse.

7. Mr. Taal faced suspension on more than one occasion due to his disorderly behavior and long-term pattern of disregarding the rights of other students and the general public and was in fact banned from campus for a period of time while one suspension was being reviewed. This was due to, per a Senior Associate Dean, his "demonstrated a pattern of escalating, egregious behavior and a disregard for the university policies that exist to protect and response the rights of all members of the community." Mr. Taal posted emails with these and other, similar sentiments to the online magazine *Inside Higher Ed*.

8. In or about March of 2025, HSI Office of Intelligence identified open-source records that indicated the Cornell University campus police determined that Mr. Taal had engaged in "disruptive conduct" that violated the university's code of conduct in multiple ways, including, for instance, knowingly following individuals who had used force – pushing aside Cornell University Police Officers – to gain access to an off-campus University event at the Ithaca Statler Hotel on September 18, 2024, and failing to follow University directives and campus police orders. Noise from the resulting protest was so loud that bystanders reported medical complaints and possible hearing loss. The University's Interim President contemplated pursuing both administrative and criminal charges following this event.

9. Mr. Taal's involvement in certain protests at Cornell University align with the Executive Order's focus on deporting individuals who perpetrate "unlawful anti-Semitic harassment." His involvement in these disruptive protests creates a hostile environment for Jewish students.

10. Because of Mr. Taal's conduct, HSI referred Mr. Taal's case to the U.S. Department of State, which has the authority to determine whether the alien's presence or activities within the United States compromise a compelling U.S. foreign policy interest and potentially have serious adverse foreign policy consequences, as outlined in Section 237(a)(4)(C) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1227(a)(4)(C).

11. I am aware of the Court's order of March 21, 2025, directing the Government to address "whether the portions of the Executive Orders challenged in the Complaint, Dkt. No. 1 , are a basis for Mr. Taal's anticipated 'surrender to [U.S. Immigration and Customs Enforcement] custody' as stated in the March 21, 2025 electronic mail message from the Government to Plaintiffs' counsel." Dkt. No. 27. HSI's March 14, 2025 referral of Mr. Taal's case to the Department of State referred to the Executive Order. The Department of State revoked Mr. Taal's visa the same day. That is the extent of HSI's provision of information related to the Executive Order in question.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of March 2025.

_____
Roy M. Stanley III
Unit Chief
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security