# DECLARATION OF ERIC LEE

I, Eric Lee, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. My name is Eric Lee, I represent Momodou Taal, Sriram Parasurama and Mukoma Wa Ngũgĩ in Case 3:25-cv-00335-ECC. I am a member of the Bar of the State of Michigan and my bar number is P80058. My office is located at 24225 W 9 Mile Rd Ste 140. Southfield, MI 48033-3962. I have been admitted in the above-captioned matter *pro hac vice.*

2. I submit this affidavit pursuant to Local Rule 7.1(e). What follows is a detailed and specific elaboration of the reasons why the standard motion procedure cannot be used with regard to the underlying motion here, and why immediate relief is required. This affidavit follows a series of recent factual developments in this case. These facts were not available to the undersigned at the time of the filing of the initial Complaint, the Motions for Temporary Restraining Orders or requests for Orders to Show Cause.

3. Proceeding by Order to Show Cause is necessary here because Mr. Taal faces imminent risk of unconstitutional immigration detention based on his protected speech.

4. The Department of State revoked Mr. Taal's F-1 student visa under 8 U.S.C. §1201(i) on March 14, 2025 and informed him of the revocation on March 21, 2025. The date upon which the Department of Homeland Security issued a Notice to Appear is not known to the undersigned. Defendants make clear the statutory basis for Mr. Taal's removability is 8 U.S.C. §1227(a)(1)(B).

5. In the days following the alleged events of March 14, ICE attempted to arrest and detain Mr. Taal at his place of residence, but was not successful. On Friday, March 21, counsel for Defendants contacted the undersigned and requested that Mr. Taal surrender to ICE custody. The undersigned has communicated to Defendants' counsel indicating that Mr. Taal

will expediently cooperate with all rulings of this Court.

6. I am aware that in a similar case, *Khalil v. Trump*, No 25-cv- 01963 (D.N.J.), Defendants quickly removed Mahmoud Khalil from the jurisdiction in which he is domiciled to Louisiana. On March 23, 2025, the Department of Justice filed a brief opposing Mr. Khalil's release on bail. In that brief, the Department of Justice contends that because the government

7. I am aware that in a similar case, the Department of Homeland Security appears to have sought to circumvent attempts by an individual to prevent his unlawful detention through temporary restraining order. *See* Opp'n to Mot. for Preliminary Injunction and Temporary Restraining Order, *Taal v. Trump*, No. 25-cv-0335 (N.D.N.Y. Mar. 22, 2025), ECF No. 38.

8. In light of the Department of Homeland Security's clear intent to arrest and detain Mr. Taal based on his protected speech and the other information detailed above, Mr. Taal faces imminent risk of harm.

9. Shortly after the filing of this declaration, on March 27, 2025, I emailed Ethan Kanter of the Civil Division at the U.S. Department of Justice's Office of Immigration Litigation with a courtesy copy of the Amended Complaint filed on March 27, 2025, and copies of all the documents supporting Mr. Taal's Motion for a Temporary Restraining Order and Preliminary Injunction, also filed today.

10. No previous application for similar relief has been made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 27, 2025 in Ithaca, New York.

                                                          /s/Eric Lee
                                                   Eric Lee
                                                   *Attorney for Plaintiff-Petitioner*